65 F.3d 188
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Larry BLUE, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Intervenor.
 No. 95-3184.
 United States Court of Appeals, Federal Circuit.
 Sept. 1, 1995.
 
 Before RICH, Circuit Judge, BENNETT, Senior Circuit Judge, and MAYER, Circuit Judge.
 PER CURIAM.
 
 
 1
 Larry Blue petitions for review of the final decision of the Merit Systems Protection Board, Docket No. DA0752940235-I-1 (Nov. 23, 1994), dismissing the appeal of his removal from the United States Postal Service as untimely filed. We affirm.
 
 
 2
 Whether the board should waive the regulatory time limit for an appeal for good cause is a matter committed to the board's discretion, and this court will not substitute its own judgment for that of the board. Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992). We must affirm the board's decision to grant or deny such a waiver unless it is demonstrated to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994). Generally, if an appellant offers a reasonable excuse for the filing delay, such excuse should be accepted by the board, unless the agency can demonstrate substantial prejudice caused by the filing delay. Walls v. Merit Sys. Protection Bd., 29 F.3d 1578, 1582 (Fed.Cir.1994).
 
 
 3
 Blue does not contest that his appeal to the board was untimely filed. Although he contended before the board that he had mailed his appeal prior to the filing deadline, he presented no credible evidence to substantiate such assertion. He has not effectively pursued his claim of timely filing on appeal. Rather, Blue asserts that his failure to timely file his appeal with the board is justified by the confusing circumstances of this case, that the filing delay was minimal, and that the agency has not been prejudiced by the delay.
 
 
 4
 Blue does not claim that he was not informed of the relevant filing deadline, or that he misunderstood the instructions regarding the timeliness requirements. Indeed, he asserts that he mailed his appeal prior to the filing deadline, suggesting that he did, in fact, understand the pertinent filing requirements. Consequently, he has not provided a reasonable excuse for his tardy filing.
 
 
 5
 Blue relies upon Walls to support his position that the board should have waived the filing deadline for good cause. Walls held that the board abused its discretion in not waiving a two-day filing delay caused by the agency's failure to specify that the time for filing was measured in calendar days, not working days, when the appellant had filed his appeal within the regulatory time period as reasonably construed by him.
 
 
 6
 Blue's appeal, on the other hand, was eight days late, and he has not shown how the circumstances of this case caused him to file his appeal in an untimely manner. While the agency served its removal letter on Blue rather than on his attorney, Blue has a responsibility to exercise diligence and prudence in pursuing his appeal by filing within the prescribed time limits and keeping his counsel apprised of developments in his case. We see no error in the board's decision that good cause did not exist to warrant waiving Blue's untimely filing.